IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Marc M. Susselman,

    Plaintiff,

vs.

Civil Action No.:
Hon.

Washtenaw County Sheriff's Office,
and Washtenaw County Deputy Sheriff Jonathan King,
in his official and individual capacities,

    Defendants, Jointly and Severally.
_____/

Marc M. Susselman (P29481)
Attorney at Law
In Pro Per
43834 Brandywyne Rd.
Canton, Michigan 48187
(734) 416-5186
marcsusselman@gmail.com
Attorney for Plaintiff
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES** Marc M. Susselman, in pro per, pursuant to the First and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §§ 1983 and 1988, seeking compensatory and punitive damages against the named Defendants, jointly and severally, and states:

### PRELIMINARY STATEMETN

This lawsuit involves allegations of perjury committed by a Deputy Sheriff of the Washtenaw County Sheriff's Office, and the possible subornation of perjury, in violation of M.C.L. 750.423, which constitutes a felony, and in violation of Plaintiff's First Amendment free speech rights and Plaintiff's Fourteenth Amendment Due Process rights.

## JURISDICTION AND VENUE

1. This action arises under the First and Fourteenth Amendments of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1983 and 1988.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1343, and supplemental jurisdiction over the Michigan state law claims under 28 U.S.C. §1367(a).

3. Venue is proper in the Eastern District of Michigan under 28 U.S.C. §1391 because the events giving rise to the claims detailed herein occurred in the Eastern District of Michigan.

## PARTIES

4. Plaintiff Marc M. Susselman is a licensed attorney in the State of Michigan and resides and has his office in Canton, Michigan..

5. Defendant Washtenaw County Sheriff's Office is a law enforcement agency for the County of Washtenaw, Michigan.

6. Defendant Jonathan King is a Deputy Sheriff employed by the Washtenaw County Sheriff's Office and upon information and belief resides in Washtenaw County.

## FACTUAL ALLEGATIONS

7. On Saturday, February 1, 2020, Plaintiff was returning from Ann Arbor, where he had met with a client, to his home in Canton, Michigan.

8. Plaintiff was driving home using the most direct route from the residence of his client in Ann Arbor to Plaintiff's home in Canton, Michigan, driving eastbound on Ann Arbor Rd. The time was approximately 5:30 P.M. and it was snowing, moderately.

9. At approximately 5:50 P.M., Plaintiff reached the intersection of Cherry Hill Rd. and Ann Arbor Rd. There were no traffic signals or traffic signs at the intersection. The intersection is located in Superior Township, Michigan.

10. As he approached the intersection, Plaintiff saw a police vehicle parked horizontally across the eastbound lane, with its lights flashing. The police vehicle was blocking the entire eastbound lane, but was not blocking any part of the westbound lane. There were no flares, traffic cones, or barricades of any kind in the vicinity of the patrol car.

11. Plaintiff drove slowly up to the patrol car and lowered the passenger side window of his vehicle in order to inquire of a police officer what he was supposed to do. There was no police officer in the vehicle, nor was there any police officer in the vicinity of the police vehicle whom Plaintiff could ask regarding how he was supposed to proceed.

12. There was no oncoming traffic in the westbound lane. So Plaintiff pulled into the westbound lane and proceeded past the patrol car in the westbound lane.

13. As Plaintiff passed the police vehicle, and had proceeded less than 100 feet past the police vehicle, he saw a police officer running towards his vehicle in the westbound lane, waving his arms. Plaintiff immediately stopped his vehicle. (*See* photograph of Plaintiff's vehicle, a tan Ford Taurus, stopped in the westbound lane, just past the police vehicle, attached as Exhibit 1.)

14. The police officer approached Plaintiff's vehicle on the driver's side. Plaintiff lowered his window. The police officer, whom Plaintiff later learned was Deputy Sheriff Jonathan King, told Plaintiff that he had entered the scene of a fatal accident and asked for Plaintiff's driver's license, registration and insurance. He then said that Plaintiff was getting a ticket for avoiding an emergency vehicle with its lights on and entering a crime scene.. Plaintiff

3

responded, in a civil tone, that a fatal accident is not a crime scene and that he had stopped. Plaintiff indicated that he was sorry that someone had died, but that there was no way that he could have known that there had been a fatality in a motor vehicle accident up the road. The motor vehicle accident was a substantial distance up the road from where Plaintiff's vehicle was stopped and was barely visible, given the distance and the weather conditions. (A body cam video of the interaction between Plaintiff and Deputy King is available.)

15. Deputy King's partner, Deputy Briant Webb, who had been down the road at the scene of the accident, approached Plaintiff's vehicle, told him he had entered the scene of a fatal car accident, to which Plaintiff responded, "How would I know that?" Deputy Webb asked for Plaintiff's driver's license, which Plaintiff provided.

16. As Deputy Webb returned to his vehicle, which was further East on Ann Arbor Rd., Plaintiff began arguing with Deputy King, yelling at him that he had been negligent for failing to block the entire road with his vehicle and failing to put down any barricades to alert motorists not to proceed further. He told Deputy King that he did not need to get a ticket for his conduct, that he had stopped as soon as he had seen Deputy King running towards him. Plaintiff asked Deputy King to tell him what law he had violated. Deputy King responded that it would be on the ticket. He then accused Plaintiff of being disorderly and asked him if he wanted to get arrested. Plaintiff indicated that he did not wish to be arrested. He yelled at Deputy King that it was his fault for failing to block the whole road with his vehicle or putting barricades down. Deputy King responded that he could not fit a barricade in his vehicle. Plaintiff told Deputy King that he should just let him go with a warning and let him turn around and leave. Deputy King refused. At no time did Plaintiff touch or physically threaten Deputy King.

4

17. Plaintiff indicated that he wished to exit his vehicle in order to take photographs and Deputy King gave him permission to do so. (Exhibit 1) After taking the photographs of his car and the patrol vehicle, Plaintiff returned to his car and started to take photographs of the accident down the road. Deputy King told him it was not permissible to do so, because it was a crime scene. Deputy Webb returned to Plaintiff's car and told him he could not take pictures because they were conducting an investigation of a fatal accident. Plaintiff did not take any pictures of the accident down the road, thinking that he would be arrested. Deputy Webb gave Plaintiff the ticket and told him to leave. Plaintiff turned his vehicle around and left the scene.

18. The ticket was numbered 20WE00794 (Exhibit 2) and stated: "DISOBEYED POLICE OFFICER DIRECTING TRAFFICE FLOW," and "Authorization pend. Ord. 257.602." Further down, the ticket stated, "WENT AROUND PO[L]ICE CAR FATAL CRASH BLOCKING ROADWAY."

19. On Monday, February 3, Plaintiff called the 14A-2 District Court, in Ypsilanti, Michigan, and was told the ticket was $400.00.

20. On February 5, 2020, Plaintiff sent the ticket to the Clerk of the Court, 14A-2 District Court, in which he pled "not guilty." (Exhibit 2) He included a letter indicating that he was requesting a formal hearing and would demand a jury trial. (Exhibit 3)

21. Plaintiff received a Notice To Appear indicating that a formal hearing was scheduled for March 17, 2020, at 11:00 A.M. The Notice stated that the offense was "FAILED YIELD." (Exhibit 4)

22. Thereafter, Plaintiff received additional Notices To Appear which kept adjourning the hearing date, due to the corvid 19 pandemic.

23. Plaintiff received a Notice To Appear dated July 2, 2020, indicating that a hearing regarding the ticket was scheduled for Tuesday, August 4, 2020, at 1:30 P.M., to be conducted via Zoom. The Notice stated, "OFFENSE: FAILED YIELD." (Exhibit 5)

24. On July 24, 2020, Plaintiff sent a letter by first class mail to Jameel S. Williams, who was named on the July 2 Notice as the attorney representing the People at the hearing. (Exhibit 6) In the letter, Plaintiff explained to Mr. Williams what had transpired which gave rise to the ticket. He quoted the language from the failure to yield statute, M.C.L. 257.649, and explained that he had not violated any of the sub-sections in the statute. He indicated that he could not be charged with a violation because he had yelled at Deputy King, citing several Supreme Court decisions indicating that arguing with, and yelling at, police officers are protected by the 1st Amendment, as long as the individual does not use, or threaten to use, physical force. He urged Mr. Williams to dismiss the ticket, because he had not violated the law and requiring that they appear at a hearing was a waste of both of their professional times.

25. On July 30, 2020, Mr. Williams sent an email to Plaintiff, in which he stated: "Good afternoon Mr. Susselman. I received your letter dated July 24, 2020. After reviewing it, I recognized that you raised salient points. I wanted to inform you that the Failure to Yield will be dismissed without costs on the People's motion." (Exhibit 7)

26. Plaintiff responded to Mr. Williams that same day, stating: "Mr. Williams, I want to express my deepest respect for you and thank you. You are doing the correct and honest thing. I wish you the best of luck in your nascent legal career." (Exhibit 7)

27. On July 31, 2020, in order to confirm that he did not have to appear at the hearing scheduled for August 4, Plaintiff sent Mr. Williams an email, stating, in relevant part: "In light of your email indicating that you will be dismissing Ticket No. 20WD007934, I assume that I do

6

not have to attend, via Zoom, the hearing that is currently scheduled for August 4, at 1:30 P.M. and that the hearing will be canceled." (Exhibit 8)

28. Mr. Williams responded by email dated August 3, 2020, stating, in relevant part: "Yes that is correct, you do not have to attend it will be canceled." (Exhibit 9)

29. On August 6, 2020, Plaintiff received, by certified mail dated August 3, 2020, a new ticket sent by the Office of Sheriff Jerry L. Clayton, Washtenaw County. (Exhibit 10) The new ticket had a new ticket number, 20WD02853, and was dated July 31, 2020. The ticket was signed by Deputy King, who stated: "I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief."

30. The new ticket stated, "DISOBEYED POLICE OFFICER DIRECTING TRAFFIC FLOW." This statement was false, because there had been no police officer directing traffic at the intersection of Cherry Hill Rd. and Ann Arbor Rd. Moreover, when Deputy King did signal to Plaintiff to stop, Plaintiff immediately stopped driving.

31. Further down on the ticket, it stated: "VEHICLE WENT AROUNG PATROL VEHICLE PARKED IN THE MIDDLE OF THE ROAD WITH ITS LIGHTS ON DURING A INJURY ACCIDENT INVESTIGATION TICKET WAS REWRITTEN PER PAO THEN MAILED TO SUBJEC[T]." This statement was also false, because Deputy King's patrol vehicle was not parked "in the middle of the road." The road consists of two lanes, one eastbound and one westbound. Deputy King's vehicle was parked in the middle of the eastbound lane, but he left the westbound lane entirely open. (*See* Exhibit 1)

32. In the upper left-hand corner of the ticket, Deputy King stated, under penalties of perjury, that the ticket was being issued for an incident which occurred on "07/31/20" at "06:58 A.M." The original ticket which Deputy King issued to Plaintiff stated that the incident had

7

occurred on 02/01/20 at 05:49 P.M. Thus Deputy King was stating, under penalties of perjury, that Plaintiff had committed the same traffic infraction on two separate dates, at two different times, and that both dates involved an investigation of a traffic accident which had occurred on Ann Arbor Rd. on both dates.

33. The statement that Plaintiff was in his car at the intersection of Cherry Hill Rd. and Ann Arbor Rd. on July 31, 2020, at 6:58 A.M. is false and a fabrication. Plaintiff has an alibi witness who can testify that Plaintiff was at home in Canton, Michigan, on that date and time.

34. Upon information and belief, Deputy King's assertion, under penalties of perjury, that he was present at the intersection of Cherry Hill Rd. and Ann Arbor Rd. on July 31, 2020, at 6:58 A.M. is false and a fabrication, as is the assertion that he was conducting an accident investigation at that location, on that date and time.

35. Deputy King accordingly, under color of law, issued a new ticket to Plaintiff, with a fabricated date and time, and fabricated information, because he was annoyed that Mr. Williams had dismissed the original ticket.  Knowing that he could not issue a new ticket for the same incident, given that Mr. Williams, as the People's attorney, had dismissed it, Deputy King manufactured a new ticket, claiming, under penalties of perjury, a new, fabricated incident had occurred on a different date and time. Deputy King thereby committed perjury, which is a felony. *See* M.C.L. 750.423.

36. On August 7, 2020, Plaintiff sent the ticket by certified mail to the Clerk of the Court, 14A-2 District Court, in which he pled "not guilty." (Exhibit 11) He included a letter indicating that he was requesting a formal hearing and would demand a jury trial. (Exhibit 12)

37. On August 7, 2020, Plaintiff received in the mail a Notice to Appear dated August 3, 2020, scheduling a pre-trial for September 23, 2020, at 8:30 A.M., regarding the new ticket,

8

Ticket No. 20WD02853, which contained fabricated and perjured statements. (Exhibit 13) The Notice stated that the pre-trial related to Plaintiff's offense of "Disobey P.O." Thus, the Court had *sua sponte* issued the Notice to Appear without having first received Plaintiff's returned ticket stating that he pled not guilty, or his letter indicating that he was demanding a jury trial.

38. On August 11, 2020, Plaintiff received in the mail a Judgment dated August 4, 2020, dismissing the original ticket, Ticket No. 20W00794. (Exhibit 14)

39. On August 13, 2020, Plaintiff received in the mail the return receipt for the letter and new ticket which Plaintiff had sent to the Court by certified mail on August 7, 2020. The return receipt was signed and dated August 10, 2020. (Exhibit 15)

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF PLAINTIFF'S FIRST AMENDMENT FREE SPEECH RIGHTS UNDER 42 U.S.C. §1983 BY DEPUTY KING

40. Plaintiff incorporates herein each and every of the prior averments as if fully stated herein.

41. 42 U.S.C. §1983 states, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

42. Deputy King was acting under color of law when he issued the new ticket, Ticket No. 20WD02853, which contained fabricated and perjured statements.

43. The Supreme Court has held on several occasions that citizens have a 1st Amendment right to argue with police officers, even yell and shout at them, as long as they do

not resist arrest, and do not physically threaten the police officer(s). The Court has held that citizens may not be charged with violating the law for engaging in such free speech. *See Houston v. Hill,* 482 U.S. 451 (1987); *Lewis v. City of New Orleans,* 415 U.S. 130 (1974); *Gooding v. Wilson,* 405 U.S. 518 (1972)

44. When Plaintiff argued with, and shouted at, Deputy King on February 1, 2020, he was exercising his 1st Amendment right of free speech, conduct for which he may not be punished or penalized under the Constitution.

45. Deputy King, by issuing a new ticket in which he has fabricated a new traffic incident date involving Plaintiff on July 31, 2020, at 6:58 A.M., is retaliating against Plaintiff for having exercised his 1st Amendment rights on February 1, 2020, and thereby has violated Plaintiff's 1st Amendment rights, under color of law, in violation of 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and that the Court conduct a jury trial in order to determine any disputable issues of fact and to determine Plaintiff's compensatory and punitive damages against Deputy King in his official and individual capacities; that the Court award Plaintiff reasonable attorney fees pursuant to 42 U.S.C. §1988; and grant Plaintiff such other and further relief as the Court may deem just and proper.

### COUNT II

### VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO PETITION THE GOVERNMENT UNDER 42 U.S.C. §1983 BY DEPUTY KING

46. Plaintiff incorporates herein each and every of the prior averments as if fully stated herein.

47. The letter which Plaintiff sent to Mr. Williams requesting that he dismiss the original ticket constituted an exercise of Plaintiff's right under the 1st Amendment to petition the

government for a redress of grievances.

48. Deputy King issued the new ticket, with fabricated and perjured statements included in the ticket, in retaliation for Plaintiff having succeeded in persuading Mr. Williams to dismiss the original ticket. In so doing, Deputy King violated Plaintiff's 1st Amendment right to petition the government for a redress of grievances.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and that the Court conduct a jury trial in order to determine any disputable issues of fact and to determine Plaintiff's compensatory and punitive damages against Deputy King in his official and individual capacities; that the Court award Plaintiff reasonable attorney fees pursuant to 42 U.S.C. §1988; and grant Plaintiff such other and further relief as the Court may deem just and proper.

## COUUNT III

### VIOLATION OF PLAINTIFF'S SUBSTANTIVE DUE PROCESS RIGHTS PROTECTED BY THE FOURTEENTH AMENDMENT UNDER 42 U.S.C. §1983 BY DEPUTY KING

49. Plaintiff incorporates herein each and every of the prior averments as if fully stated herein.

50. By issuing a new ticket to Plaintiff which fabricates an incident which did not occur, at the date and time indicated on the ticket, and engaging in perjury, Deputy King has acted arbitrarily and capriciously in a manner that "shocks the conscience."

51. Plaintiff has a liberty interest protected by the 14th Amendment not to be subjected to civil liability via the making of false statements by state actors.

52. Deputy King, acting under color of law, has thereby violated Plaintiff's substantive due process rights protected under the 14th Amendment.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and that the Court conduct a jury trial in order to determine any disputable issues of fact and to determine Plaintiff's compensatory and punitive damages against Deputy King in his official and individual capacities; that the Court award Plaintiff reasonable attorney fees pursuant to 42 U.S.C. §1988; and grant Plaintiff such other and further relief as the Court may deem just and proper.

<u>**COUNT IV**</u>

<u>**VIOLATION OF PLAINTIFF'S PROCEDURAL DUE PROCESS RIGHTS PROTECTED BY THE FOURTEENTH AMENDMENT UNDER 42 U.S.C. §1983 BY DEPUTY KING**</u>

53  Plaintiff incorporates herein each and every of the prior averments as if fully stated herein.

54.  Plaintiff has a liberty interest protected by the 14th Amendment not to be subjected to civil liability via the making of false statements by state actors.

55.  By issuing a new ticket to Plaintiff which fabricates an incident which did not occur, at the date and time indicated on the ticket, and engaging in perjury, Deputy King has interfered with and compromised Plaintiff's procedural due process rights protected by the 14th Amendment.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and that the Court conduct a jury trial in order to determine any disputable issues of fact and to determine Plaintiff's compensatory and punitive damages against Deputy King in his official and individual capacities; that the Court award Plaintiff reasonable attorney fees pursuant to 42 U.S.C. §1988; and grant Plaintiff such other and further relief as the Court may deem just and proper.

## COUNT V

## VIOLATION OF PLAINTIFF'S FIRST AMENDMENT FREE SPEECH AND PETITION RIGHTS AND FOURTEENTHT AMENDMENT SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS BY THE WASHTENAW COUNTY SHERIFF'S DEPARMENT IN VIOLATION OF 42 U.S.C. §1983

56. Plaintiff incorporates herein each and every of the prior averments as if fully stated herein.

57, Upon information and belief, Deputy King issued the new ticket containing fabricated and perjured statements with the knowledge, approval and authorization of a supervisory employee, or employees, as yet unidentified, of the Washtenaw County Sheriff's Office who had policy making authority, thereby making the Washtenaw County Sheriff's Office liable under 42 U.S.C. §1983 for violating Plaintiff's 1st Amendment free speech rights and his substantive and procedural due process rights under the 14th Amendment. *See Pembauer v. City of Cincinnati*, 475 U.S. 469 (1986).

**WHEREFORE**, Plaintiff respectfully requests that the Court allow Plaintiff to conduct discovery in order to identify the supervisory employee(s) in question, and thereafter enter judgment in favor of Plaintiff against the Washtenaw County Sheriff's Office, that the Court conduct a jury trial in order to determine any disputable issues of fact and to determine Plaintiff's compensatory damages against the Washtenaw County Sheriff's Office; that the Court award Plaintiff reasonable attorney fees pursuant to 42 U.S.C. §1988; and grant Plaintiff such other and further relief as the Court may deem just and proper.

## COUNT VI

## CIVIL CONSPIRACY IN VIOLATION OF 42 U.S.C. §1983

58. Plaintiff incorporates herein each and every of the prior averments as if fully stated herein.

59. Upon information and belief, one or more employees of the 14A-2 District Court, as yet unidentified, acted in concert and conspired with Deputy King to issue a ticket to Plaintiff which they knew contained fabricated and perjured statements, in violation of Plaintiff's 1st Amendment and 14th Amendment rights.

60. The existence of the conspiracy is evidenced by the fact that the Court issued a Notice to Appear with respect to the new ticket, even before the Court had received Plaintiff's not guilty plea and before it received Plaintiff's letter demanding a jury trial with respect to the new ticket.

61. Further evidence of a conspiracy is indicated by the fact that while the previous Notices to Appear had designated the proceeding as a "FORMAL HEARING" (*see* Exhibits 4 and 5), the new Notice to Appear designated the proceeding as "ARR/PRETRIAL" (*see* Exhibit 13). indicating that the matter was now being treated as a criminal proceeding.

**WHEREFORE**, Plaintiff respectfully requests that the Court allow Plaintiff to conduct discovery in order to identify the Court employee(s) in question, and thereafter enter judgment in favor of Plaintiff against the said employee(s), that the Court conduct a jury trial in order to determine any disputable issues of fact and to determine Plaintiff's compensatory and punitive damages against said employee(s), that the Court award Plaintiff reasonable attorney fees pursuant to 42 U.S.C. §1988; and grant Plaintiff such other and further relief as the Court may deem just and proper.

## PENDENT STATE CLAIMS

## COUNT VII

### MALICIOUS ABUSE OF PROCESS BY DEPUTY KING

62. Plaintiff incorporates herein each and every of the prior averments as if fully stated herein.

63. Deputy King issued the new ticket for an improper and retaliatory purpose, seeking retribution against Plaintiff for having argued and shouted at him on February 1, 2020, as well as for having succeeded in persuading Mr. Williams to dismiss the first ticket.

64. By issuing the new ticket, and also by arranging to have a Notice to Appear issued relating to the new ticket before Plaintiff had indicated how he was going to plead regarding the new ticket, Deputy King committed an irregular act in the use of process, constituting a malicious abuse of process.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and that the Court conduct a jury trial in order to determine any disputable issues of fact and to determine Plaintiff's compensatory and punitive damages against Deputy King in his official and individual capacities; that the Court award Plaintiff reasonable attorney fees pursuant to 42 U.S.C. §1988; and grant Plaintiff such other and further relief as the Court may deem just and proper.

## COUNT VIII

### MALICIOUS ABUSE OF PROCESS BY THE WASHTENAW COUNTY SHERRIFF'S OFFICE

65. Plaintiff incorporates herein each and every of the prior averments as if fully stated herein.

66. Upon information and belief, Deputy King issued the new ticket containing

15

fabricated and perjured statements, and arranged to have a Notice to Appear issued relating to the new ticket before Plaintiff had indicated how he was going to plead regarding the new ticket, with the knowledge, approval and authorization of a supervisory employee, or employees, as yet unidentified, of the Washtenaw County Sheriff's Office, who had policy making authority. thereby making the Washtenaw County Sheriff's Office liable for Deputy King's actions.

**WHEREFORE**, Plaintiff respectfully requests that the Court allow Plaintiff to conduct discovery in order to identify the supervisory employee(s) in question, and thereafter enter judgment in favor of Plaintiff against the Washtenaw County Sheriff's Office, that the Court conduct a jury trial in order to determine any disputable issues of fact and to determine Plaintiff's compensatory and punitive damages against the Washtenaw County Sheriff's Office; that the Court award Plaintiff reasonable attorney fees pursuant and grant Plaintiff such other and further relief as the Court may deem just and proper.

                                         Marc M. Susselman
                                         Attorney at Law
                                         43834 Brandywyne Rd.
                                         Canton, Michigan 48187
                                         (734) 416-5186
                                         marcsusselman@gmail.com
                                         P29481

                        By:            s/ Marc M. Susselman_____
                                         Attorney for Plaintiff

Dated: August 21, 2020

**JURY DEMAND**

Plaintiff hereby demands a jury trial for all issues triable by a jury.

                                            Marc M. Susselman
                                            Attorney at Law
                                            43834 Brandywyne Rd.
                                            Canton, Michigan 48187
                                            (734) 416-5186
                                            marcsusselman@gmail.com
                                            P29481

                        By:           s/ Marc M. Susselman_____
                                            Attorney for Plaintiff

Dated: August 21, 2020