# EXHIBIT 6

Marc M. Susselman, J.D., M.P.H.
43834 Brandywyne Rd.
Canton, MI 48187
(734) 416-5186
marcsusselman@gmail.com

July 24, 2020

Via First Class Mail

Jameel S. Williams, Esq.
700 Tower St.
Ypsilanti, Michigan 48198-5724

Re: Ticket No. 20WD00794

Dear Mr. Williams:

    I am scheduled for a formal hearing regarding the above-captioned ticket on August 4, 2020, at 1:30 P.M., via Zoom. I understand that you are the attorney who has replaced Ms. Carter as the attorney representing Superior Township. I am contesting the ticket and have indicated to the court that I am requesting a jury trial. I am writing to you advance of the formal hearing in order to ascertain whether we can resolve this matter and avoid what I regard as an unnecessary waste of judicial resources and of our professional time.

    I will give you a brief summary of the incident giving rise to the traffic ticket, which, of course, will be from my perspective. On the evening of February 1, 2020, at about 5:30 P.M., I was returning to my home in Canton after having met with a client in Ann Arbor. I was taking my usual route between Ann Arbor and Canton, driving East on Ann Arbor Rd. It was snowing, moderately. At some point I saw a patrol car parked across my right lane. Although the patrol car had its flashers on, it was not blocking the west-bound lane. I drove up beside the patrol car to inquire regarding what I was supposed to do. The left west-bound lane was entirely open – there were no flares in the road; there were no traffic cones shutting off the west-bound lane; there were no sawhorses shutting off the westbound lane; there was no oncoming traffic coming towards me in the west bound land. I pulled up next to the patrol car and lowered my passenger side window to speak to an officer to determine how I was to proceed. No officer was inside of or near the police vehicle. So I proceeded to pass by the police vehicle, driving East in the west-bound lane.

    I had driven a short distance in the west-bound lane when I saw a police officer running towards me, waving his arms. I immediately stopped. The police officer approached the vehicle on the driver's side. I lowered my window. The police officer accused me of ignoring a police barricade by passing by the police vehicle. I responded, civilly, that there was no barricade, because the police vehicle was not blocking any part of the west-bound lane, and there were no flares, cones or other objects blocking the west-bound lane. The officer then told me that he was

giving me a ticket for ignoring a police barricade. At this point I became incensed, accusing the police officer of being negligent for not having properly blocked the west-bound lane with his vehicle so that drivers would know not to continue driving East on Ann Arbor Rd. The officer informed me that there was a fatal car accident ahead and that I was invading a "crime scene." I responded that I could not have known that there was an accident ahead, and particularly could not know that there had been a fatality. Our exchange became heated. (There is a video of the traffic stop which available for you to review.)

I want to make clear that at no point did I physically threaten the police officer (whose name I learned after I received the ticket is Deputy King). I admittedly raised my voice, and did yell at him, but nothing I did could legally be construed as resisting arrest or engaging in disorderly conduct. I was rude to Deputy King, but being rude to a police officer cannot be the basis for any civil or criminal charge. Such conduct is, as you know, protected by the 1st Amendment.

As indicated in the video, at some point I requested permission to exit my vehicle in order to take pictures of the scene. Deputy King gave me permission to do so, and I took several pictures of the scene from a distance west of where the police vehicle was located. The photographs clearly show that the police vehicle was blocking only the east-bound lane; that the west-bound lane was completely open; and that there were no traffic cones, flares or barricades of any sort blocking the west-bound lane.

The video, and photographs which I took of the police vehicle and my vehicle, do not support the ticket charge. Initially, I was cited for "Disobeyed Police Officer Directing Traffic Flow." The video does not support this charge. When I passed the police vehicle, there was no police officer in the vehicle or nearby to give me directions. I in fact stopped by the police vehicle and rolled my passenger side window down to ask a police officer what I was supposed to do. No one was there. The video shows Deputy King running down the left lane waving his hands for me to stop, which I did. I did not disobey any command directing traffic flow; I in fact obeyed the directive to stop.

The ticket citation has since been changed, claiming I am charged with ""Failed Yield." M.C.L. 257.649, adopted by Superior Township Ordinance No. 186, states:

> (1) The driver of a vehicle approaching an intersection shall yield the right of way **to a vehicle that has entered the intersection from a different highway.**
> (2) When 2 vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.
> (3) The right of way rules in subsections (1) and (2) are modified at through highways and otherwise as provided in subsection (4) and in this chapter.
> (4) The driver of a vehicle approaching an intersection **that is controlled by a traffic control signal** shall do all of the following, if the signal facing the driver exhibits no colored lights or colored lighted arrows ....
> * * *

(6) The driver of a vehicle **approaching a yield sign**, in obedience to the sign, shall slow down to a speed reasonable for the existing conditions and shall yield the right of way to a vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard during the time the driver would be moving across or within the intersection. ...

...

(8) Except when directed to proceed by a police officer, the driver of a vehicle **approaching a stop intersection indicated by a stop sign** shall stop before entering the crosswalk on the other side of the intersection .... .

None of the above specified conditions applied to the circumstances at the scene: no other vehicle had entered the intersection from a different highway; there were no 2 vehicles entering the intersection from different highways – the police vehicle was already in the right lane and was stopped; there was no traffic control signal anywhere near the scene; there was no yield sign anywhere near the scene; there was no stop sign anywhere near the scene. There were absolutely no other moving vehicles in sight – I was the only moving vehicle at the scene, and I immediately stopped when Deputy King signaled me to stop. The facts do not support the citation.

It is true that I lost my temper with Deputy King, and yelled at him. But I have not been cited for that, nor could I be. The Supreme Court has held on several occasions that citizens have a 1st Amendment right to raise their voices at police, even curse at them, which I certainly did not do, as borne out by the video. *See Houston v. Hill*, 482 U.S. 451 (1987); *Lewis v. City of New Orleans*, 415 U.S. 130 (1974); *Gooding v. Wilson*, 405 U.S. 518 (1972). At no time did I physically threaten Deputy King. In fact, as the video shows, I asked permission to get out of my vehicle in order to take photographs of the scene.

There is absolutely no factual or legal basis to proceed with this matter and I accordingly urge you to dismiss the ticket and save us both any additional unnecessary expenditure of time. I can understand why Deputy King may have been overwrought by the occurrence of the fatal accident which had occurred further East on Ann Arbor Rd., but I did nothing wrong and he had no legal basis to issue me a ticket. Continuing to pursue this matter will constitute an abuse of power – and I intend to fight it, even on appeal if necessary – though I will ask the court to dismiss the ticket if you do not do so voluntarily.

If you decide not to dismiss the ticket, I am asking that you identify for me precisely what Superior Township ordinance or Michigan statute I am being charged with having violated.

Yours truly,

*Marc M. Susselman*

Marc M. Susselman
Attorney at Law

3