UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC MITCHELL SUSSELMAN,

    Plaintiff,                                              Civil Action No. 20-CV-12278

vs.                                                        HON. BERNARD A. FRIEDMAN

WASHTENAW COUNTY SHERIFF'S OFFICE,
DEPUTY SHERIFF JONATHAN KING, and
WASHTENAW COUNTY,

    Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO ABSTAIN AND STAY PROCEEDINGS**

This matter is presently before the Court on defendants' motion "to apply the *Younger* abstention doctrine and stay these proceedings" [docket entry 22]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall grant the motion.

What began with a traffic ticket has snowballed into a federal case. Plaintiff alleges that on February 1, 2020, he was driving eastbound on Plymouth Road in Superior Township, Michigan, when he encountered a "police vehicle parked horizontally across the eastbound lane, with its lights flashing." First Am. Compl. ("FAC") ¶ 11. Plaintiff drove around the police vehicle in the westbound lane and proceeded approximately 100 feet when Washtenaw County Sheriff's Deputy Jonathan King flagged him down and told him that he had entered an accident scene and would be ticketed. *Id.* ¶¶ 13-15. "Plaintiff began arguing with Deputy King, yelling at him that he had been negligent for failing to block the entire road with his vehicle and failing to put down any barricades to alert motorists not to proceed further." *Id.* ¶ 17. After receiving a ticket for "disobey[ing] police

officer directing traffic flow," plaintiff "turned his vehicle around and left the scene." *Id.* ¶ 19.

Court notices directing plaintiff to appear for a hearing indicated that the offense was "failed yield." *Id.* ¶¶ 22, 24. In July 2020, days before the hearing, plaintiff persuaded the prosecutor to dismiss the "failure to yield" charge. *Id.* ¶ 26. On August 6, however, plaintiff received by mail a new ticket issued by Deputy King, again charging him with "disobey[ing] police officer directing traffic flow." *Id.* ¶¶ 30, 31. This ticket states that plaintiff's "vehicle went around patrol vehicle parked in the middle of the road with its lights on during a[n] injury accident investigation. Ticket was rewritten per PAO then mailed to subjec[t]." *Id.* ¶ 32. This ticket, which is dated July 31, 2020, alleges that the violation occurred on July 31, 2020.[1] *Id.* ¶ 33. Plaintiff alleges that this second ticket is false because he was at home on July 31, 2020, and because Deputy King was not directing traffic flow during the February 1 incident, his patrol vehicle was not parked in the middle of the road, and plaintiff did not disobey him. *Id.* ¶¶ 31-34. The prosecutor did not respond to plaintiff's request to dismiss the second ticket. *Id.* ¶ 42. The parties indicate that the trial on this ticket has not yet taken place.

Based on these allegations, plaintiff asserts claims against Deputy King, the Washtenaw County Sheriff's Office, and Washtenaw County for violations of his First and Fourteenth Amendment rights (Counts I - VI). In Counts I and II, plaintiff claims that King violated his First Amendment rights by issuing the second ticket in retaliation for plaintiff yelling at him during their February 1 encounter and in retaliation for plaintiff persuading the prosecutor to dismiss the first ticket. In Counts III and IV, plaintiff claims that King violated his substantive and

---

[1] In the instant motion, defendants indicate that the incident date and the ticket date are the same because "Deputy King fail[ed] to revise the 'auto fill' feature for date and time used by the ticket writing software." Defs.' Mot. to Stay at 6.

procedural due process rights by issuing the second ticket, which contained false and perjured allegations. In Count V, plaintiff claims that the sheriff's office and the county are liable for the First and Fourteenth Amendment violations because the second ticket was issued with the "knowledge, approval and authorization of a supervisory employee, or employees." FAC ¶ 61. In Count VI, plaintiff claims that all three defendants conspired to issue the second "fabricated and perjured" second ticket, thereby making them liable for "civil conspiracy in violation of 42 U.S.C. § 1983." Plaintiff also asserts state-law claims against all of the defendants for malicious abuse of process (Counts VII and VIII) and against defendant King for intentional infliction of emotional distress (Count IX).

For relief, plaintiff asks that the Court "conduct a jury trial in order to determine any disputable issues of fact" and to determine his damages. Plaintiff also seeks attorney fees. FAC pp. 11-17.

Defendants argue that the Court should abstain from hearing this matter, under *Younger v. Harris*, 401 U.S. 37, 44 (1971), until the state court proceedings are concluded. Plaintiff opposes the motion.

> As one respected treatise has explained,
>
> The core of the rule laid down in *Younger v. Harris* and the other cases defining the doctrine of "Our Federalism" is that a federal court, in the absence of unusual circumstances, cannot interfere with a pending state criminal prosecution. . . . The rule is not limited to cases such as *Younger* itself, in which the lower court had enjoined the district attorney from further prosecution of the currently pending action against plaintiff Harris. . . . [T]he rule should apply whenever the orderly course of state prosecutions would be seriously hindered by piecemeal federal determination of issues that arise in the course of state proceedings.

17B C. Wright & A. Miller, *Federal Practice and Procedure* § 4252 (3d ed.) (footnotes omitted).

>The Sixth Circuit has stated that *Younger* abstention
>
>>applies when the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the plaintiff an adequate opportunity to raise constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). . . .
>>
>>*Younger* abstention is built upon common sense in the administration of a dual state-federal system of justice. When a person is the target of an ongoing state action involving important state interests, a party cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. If the state party files such a case, *Younger* abstention requires the federal court to defer to the state proceeding.
>>
>>. . . A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance. *See Carroll*, 139 F.3d at 1075. In exercising this discretion, a district court should look to the nature of the state proceedings and consider whether a litigant will be able to address his federal claim on the merits in the state court proceeding. *Id*. The court should also consider whether there are any statute of limitations issues should the case be dismissed and the limitations clock continue to run. *Id*.

*Coles v. Granville*, 448 F.3d 853, 865-66 (6th Cir. 2006) (citations omitted).

*Younger* abstention applies in the present case. The state proceeding is pending in Michigan's 14A-2 district court. The prosecution of the alleged violation of a state statute, Mich. Comp. Laws § 257.602 ("Compliance with orders or directions of police officers"), involves an important state interest. *See Gonnella v. Johnson*, 115 F. App'x 770, 771 (6th Cir. 2004) (noting that "state criminal proceedings involve important state interests"). And plaintiff is free to raise his constitutional challenges in defending the state prosecution. Plaintiff's First Amendment claims essentially argue that the prosecution is vindictive, a recognized defense under Michigan law. *See People v. Ryan*, 545 N.W.2d 612, 616 (Mich. 1996); *People v. Terrance*, No. 343154, 2019 WL 1049701, at *4 (Mich. Ct. App. Mar. 5, 2019). Plaintiff's due process claims allege vindictive

4

prosecution and that the charge lacks probable cause, another defense plainly available under Michigan law.  *See  People v. Cohen*, 816 N.W.2d 474 (Mich. Ct. App. 2011); *People v. Culhane*, No. 251163, 2005 WL 267644 (Mich. Ct. App. Feb. 3, 2005).  In fact, plaintiff filed a motion in state court to dismiss the ticket, and a supplemental brief in support of that motion, in which he argued that the charge should dismissed because it lacked probable cause.  *See* Defs.' Exs. D and E.  Manifestly, the state proceeding "affords the plaintiff an adequate opportunity to raise constitutional claims." *Coles,* 448 F.3d at 865.

The Court must abstain under *Younger* so as not to interfere with plaintiff's ongoing prosecution in state court.  Such interference would be unavoidable if the Court, as plaintiff requests, were to "conduct a jury trial in order to determine any disputable issues of fact" and resolve his constitutional claims, all of which challenge the validity of the charge at issue in state court.  Accordingly,

IT IS ORDERED that defendant's motion to abstain under *Younger* is granted.  This matter is stayed until the state court proceedings concerning plaintiff's traffic ticket are concluded.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated:  March 26, 2021                SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan