UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC MITCHELL SUSSELMAN,

        Plaintiff,                            Civil Action No. 20-CV-12278

vs.                                      HON. BERNARD A. FRIEDMAN

WASHTENAW COUNTY SHERIFF'S
OFFICE, et al.,

        Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

This matter is presently before the Court on plaintiff's motion for leave to file a second amended complaint (ECF No. 30). Defendants have filed a response. Plaintiff has not filed a reply and the deadline for doing so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This lawsuit arises from a February 1, 2020, traffic ticket and ensuing verbal altercation between plaintiff and defendant Deputy Sheriff Jonathan King. Plaintiff's first amended complaint asserts claims under the First and Fourteenth Amendments, as well as state law. On March 26, 2021, the Court granted defendants' motion to abstain and stay proceedings, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), until the related state court proceedings had concluded (ECF No. 25). The Court lifted the stay on September 17, 2021 (ECF No. 28).

In the instant motion, plaintiff requests leave to file a second amended complaint to add Superior Township as a defendant and to "add averments which provide further support for Plaintiff's claims of violation of his 1st and 14th Amendment rights, as well as malicious prosecution." Pl.'s Mot. at 3.

In response, defendants state that they "will not object to Plaintiff's motion for leave to file a second amended complaint." Defs.' Resp. at 1-2. Defendants however add that

> [i]n paragraph 9 of Plaintiff's motion for leave to file second amended complaint, Plaintiff represents to the Court that "concurrence was denied." That is untrue. There were no communications between Plaintiff's counsel and Defendants' counsel from the time Mr. Susselman sent an email requesting concurrence at 5:02 p.m. on Wednesday, October 6, 2021, to Friday October 8, 2021, when Plaintiff filed the pending motion. Defendants' counsel were not in a position to respond during those dates and Plaintiff filed his motion without following up.

*Id*. at 3 (citation omitted).

Federal Rule of Civil Procedure 15(a)(2) states that after a responsive pleading is filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "Rule 15 reinforce[s] the principle that cases should be tried on their merits rather than the technicalities of pleadings, and therefore assumes a liberal policy of permitting amendments." *Langley v. Credit Suisse First Boston Corp.*, 89 F. App'x 938, 943 (6th Cir. 2004) (internal quotation marks omitted). Likewise, the Supreme Court has stated that

> [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Finally, the Sixth Circuit has clarified that

> [t]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.  In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (internal quotation marks and citations omitted).

Plaintiff filed the instant motion promptly, just twenty-one days after the Court lifted the stay in this case.  Further, this matter had been stayed at an early stage in the litigation and an amended scheduling order has yet to be issued.  Because the underlying facts as alleged may be a proper subject of relief, and because defendants do not oppose the requested amendment, plaintiff should be afforded the opportunity to test his claims on the merits.

However, as this matter proceeds the Court strongly suggests that plaintiff review Fed. R. Civ. P. 11(b)-(c).  In the instant motion, plaintiff states that "concurrence was denied," but this appears to be untrue – or at best partially true.  Plaintiff requested concurrence but then filed the instant motion just two days later without having discussed the matter with opposing counsel.  Rule 11(b)(3) requires that factual statements contained in a motion signed by counsel "have evidentiary support."  Such support is lacking here.  Further, this Court's Local Rule 7.1(a)(1) states that a "movant must ascertain whether the contemplated motion . . . will be opposed."  This requirement is not satisfied when, as here, the movant requests concurrence by email (which the recipient may not have the opportunity to review immediately) and then files

the motion without having had any follow-up communication with opposing counsel.  Nor did plaintiff comply with Local Rule 7.1(a)(2), which requires him to state either that "there was a conference between attorneys . . . in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought" or that "despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference."  In addition to violating these rules, plaintiff chose to file the instant motion a mere two business days before the scheduled settlement conference in this matter and, in doing so, disregarded the deadline for submitting his confidential settlement conference statement without so much as an email to the Court or opposing counsel.  Although the Court believes that plaintiff deserves the opportunity to test his claims on the merits, civility, honesty, and compliance with the Federal Rules of Civil Procedure and this Court's local rules are not to be neglected while doing so.

    For the above-stated reasons,


    IT IS ORDERED that plaintiff's motion for leave to file a second amended complaint is granted.  Plaintiff may file his proposed second amended complaint within five days of the date of this order.


                                        s/Bernard A. Friedman
                                        BERNARD A. FRIEDMAN
Dated:  November 2, 2021                SENIOR UNITED STATES DISTRICT JUDGE
        Detroit, Michigan

4