UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC M. SUSSELMAN,

       Plaintiff,                  Civil Action No. 20-cv-12278
                                          HON. BERNARD A. FRIEDMAN

vs.

WASHTENAW COUNTY
SHERIFF'S OFFICE, *et al.*,

       Defendants.

_____/

## OPINION AND ORDER GRANTING SUPERIOR TOWNSHIP'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY

I.    Introduction

Attorney Marc M. Susselman commenced this 42 U.S.C. § 1983 action against, among others, Superior Township alleging that it violated his federal constitutional rights during state court proceedings initiated against him for disobeying a deputy sheriff's traffic instructions.

Before the Court is the Township's motion to dismiss the second amended complaint ("SAC"). (ECF No. 53). Susselman responded. (ECF No. 57). The Township filed a reply. (ECF No. 58). Susselman then filed a motion for leave to file a sur-reply. (ECF No. 59). The Court will decide the motions without oral argument pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court

shall (1) grant the Township's motion to dismiss the SAC, and (2) grant Susselman's motion for leave to file a sur-reply.

II. Background

　　A.　*Factual History*

Assuming the parties' familiarity with the facts alleged in the SAC, the Court incorporates by reference the factual history summarized in its June 21, 2022 opinion and order. (ECF No. 49, PageID.1161-64). The claims against the Township exclusively stem from Township prosecuting attorney Jameel Williams's decision to charge Susselman with an amended traffic citation. *See* Mich. Comp. Laws § 257.602. Susselman contends that the charge lacked probable cause and that Williams instituted state court proceedings against him because of personal animus.

　　B.　*Procedural History*

Susselman filed this lawsuit against the Township (and others) but declined to sue Williams. (ECF No. 33). The SAC asserts that the Township violated his Fourteenth Amendment rights to procedural and substantive due process (Counts III & IV),[1] as well as state law claims for malicious prosecution (Count IX) and intentional infliction of emotional distress (Count X). The SAC further alleges that Washtenaw County Deputy Sheriff Jonathan King conspired with the Township to

---

[1] Because Susselman waives the procedural due process claim against the Township (Count III) that cause of action is dismissed. (ECF No. 57, PageID.1427).

2

violate Susselman's federal constitutional rights (Count VIII).[2] The Township now moves to dismiss all the above claims. (ECF No. 40).

III.   Legal Standards

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted). The Court may consider "exhibits attached to the complaint" to decide the motion. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

IV.   Analysis

    A.   *Violation of Substantive Due Process (Count IV)*

Susselman alleges that the Township deprived him of substantive due process when Williams (1) encouraged Deputy King to issue an amended traffic ticket, and

---

[2] The SAC asserts causes of action against Washtenaw County, the Washtenaw County Sheriff's Office, and Deputy Sheriff Jonathan King. (ECF No. 33, PageID.608-10, 612-16, ¶¶ 58-66, 74-92). The Court dismissed those claims in its June 21, 2022 opinion and order. (ECF No. 49, PageID.1176-77).

3

then (2) refused to dismiss the citation for lack of probable cause. (ECF No. 33, PageID.611, ¶¶ 71-73). This claim fails for the same reasons the Court previously dismissed the analogous count against Deputy King (Count VI). (ECF No. 49, PageID.1168-70).

To begin with, the United States Supreme Court declined to recognize this exact cause of action over 25 years ago in *Albright v. Oliver*, 510 U.S. 266 (1994). There, the Court concluded that the Fourteenth Amendment's Due Process Clause does not create a substantive right "to be free from criminal prosecution except upon probable cause." *Id.* at 268; *see also Lester v. Roberts*, 986 F.3d 599, 606 (6th Cir. 2021) (noting that *Albright* overturned earlier Sixth Circuit precedents suggesting that "defendants had a substantive-due-process right under the Fourteenth Amendment to be free from malicious prosecutions that 'shock the conscience.'"). The SAC advances the same outmoded theory that *Albright* repudiated.

Nor would Susselman prevail if he instead designated this cause of action a Fourth Amendment malicious prosecution claim. At the pleading stage, malicious prosecution requires plausible allegations that (1) the defendant "made, influenced, or participated in the decision to prosecute," (2) the government lacked probable cause, (3) the proceeding caused the plaintiff to suffer a deprivation of liberty, and (4) the prosecution terminated in the plaintiff's favor. *Jones v. Clark County*, 959 F.3d 748, 756 (6th Cir. 2020).

4

The SAC omits any allegations that the state court proceedings against Susselman deprived him of his liberty, *i.e.*, the third prong. He was "never arrested or incarcerated, required to post bail or bond, or subjected to any travel restrictions." *Noonan v. Cty. of Oakland*, 683 F. App'x 455, 463 (6th Cir. 2017). And "despite the aggravation, financial cost, and personal humiliation" that Susselman may attribute to defending against the amended traffic ticket, none of these factors constitute "a deprivation of liberty" under the Fourth Amendment. *Id.*

Since the substantive due process claim finds no support in either the Supreme Court's or the Sixth Circuit's jurisprudence it must be dismissed.[3]

B.     *Civil Conspiracy (Count VIII)*

Section 1983 civil conspiracy claims require plausible allegations of "a single plan, where each alleged coconspirator shares in the general conspiratorial objective, and an overt act committed in furtherance of the conspiracy that causes injury to the plaintiff." *Marvaso v. Sanchez*, 971 F.3d 599, 614 (6th Cir. 2020). The plaintiff's injuries must stem from a violation of federal law when section 1983 is implicated. *Id.*

---

[3] Susselman maintains that the Supreme Court retreated from *Albright* because it recently speculated about the elements that would be necessary to establish a malicious prosecution claim under the Due Process Clause. (ECF No. 57, PageID.1429-31). *See Thompson v. Clark*, 142 S. Ct. 1332, 1337 n.2 (2022). Because the Supreme Court ultimately concluded that "we have no occasion to consider such an argument here," *Thompson* never displaced *Albright* as binding precedent. *Id.*

The SAC posits that Deputy King and Williams "acted in concert to violate Plaintiff's 1st Amendment and 14th Amendment procedural and substantive due process rights." (ECF No, 33, PageID.614, ¶ 84). But Susselman already waived his procedural due process claim, and since he fails to plausibly assert that the Township otherwise violated his constitutional rights, the section 1983 conspiracy claim does not state a cause of action upon which the Court may grant relief. *See Stricker v. Twp. of Cambridge*, 710 F.3d 350, 365 (6th Cir. 2013) (affirming the dismissal of a section 1983 conspiracy claim because the plaintiff failed to plausibly allege an underlying constitutional harm).

    C.    *Malicious Prosecution (Count IX) & Intentional Infliction of Emotional Distress (Count X)*

Finally, Susselman seeks to impute liability to the Township for malicious prosecution and intentional infliction of emotional distress on the ground that Williams prosecuted him without probable cause. (ECF No. 33, PageID.615, ¶¶ 85-89).

Since Michigan law views both causes of action as intentional torts, the Township is "entitled to immunity because it cannot be held liable for the intentional torts of its employees." *Payton v. City of Detroit*, 211 Mich. App. 375, 393 (1995); *Alexander v. Riccinto*, 192 Mich. App. 65, 71-72 (1991); *see also Bradley v. Detroit Pub. Schools*, No. 292749, 2011 Mich. App. LEXIS 199, at *13 (Mich. Ct. App. Jan. 27, 2011) (noting that claims for malicious prosecution and intentional infliction of

emotional distress are intentional torts). Neither state law claim can, therefore, withstand the Township's motion to dismiss the SAC. Accordingly,

IT IS ORDERED that the Township's motion to dismiss the SAC (ECF No. 53) is granted.

IT IS FURTHER ORDERED that Susselman's motion for leave to file a sur-reply (ECF No. 59) is granted.

IT IS FURTHER ORDERED that this opinion and order disposes of all the claims remaining in this case.

**SO ORDERED.**

                                                  s/Bernard A. Friedman
                                                  Hon. Bernard A. Friedman
Dated: May 4, 2023                 Senior United States District Judge
        Detroit, Michigan